UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANNON | CIVIL ACTION |
| VERSUS | CASE NO. 16-13754 |
| HUNTINGTON INGALLS INCORPORATED/NORTHROP GRUMMAN SHIPBUILDING, INC. | SECTION: "G" (4) |

# ORDER

This litigation arises out of Plaintiff Dwarf D. Cannon's ("Plaintiff") complaint against his former employer, Defendant Huntington Ingalls Incorporated/Northrop Grumman Shipbuilding, Inc. ("Defendant"), for injuries allegedly sustained while working aboard Defendant's vessels.[1] Pending before the Court is Defendant's "Rule 12(b)(6) Partial Motion to Dismiss and Rule 12(e) Motion for More Definite Statement."[2] Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant in part and deny in part the pending motion.

## I. Background

### A. *Factual Background*

In this litigation, Plaintiff alleges that Defendant is his former employer and that he worked aboard vessels that were owned and/or operated by Defendant.[3] Plaintiff further alleges that on October 29, 2015, Plaintiff "became aware that he sustained a latent injury which resulted from

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 21.

[3] Rec. Doc. 1 at 1.

1

continued ongoing exposure to either loud noise and/or toxic fumes causing permanent and disabling injuries to his mind and body."[4] According to Plaintiff, these injuries resulted from the "vessel negligence" of Defendant.[5] Plaintiff alleges that he was "rendered disabled" as a result of the injuries and seeks damages for lost wages, medical expenses, pain and suffering, and mental anguish.[6] Plaintiff alleges that federal jurisdiction is based upon Section 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA").[7]

### B.     *Procedural Background*

On August 10, 2016, Plaintiff filed the complaint in this matter.[8] On February 10, 2017, Defendant filed the instant motion.[9] Plaintiff filed an opposition to the motion on March 28, 2017.[10] With leave of Court, Defendant filed a reply in further support of the motion on April 4, 2017.[11]

## II. Parties' Arguments

### A.     *Defendant's Arguments in Support of the Motion*

In its motion, Defendant argues that to the extent Plaintiff brings a tort claim against Defendant in its capacity as Plaintiff's employer, Plaintiff has failed to state a claim, because the

---

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 1.

[8] *Id.*

[9] Rec. Doc. 21.

[10] Rec. Doc. 27.

[11] Rec. Doc. 30.

LHWCA is the exclusive remedy for Plaintiff's claims arising out of exposure to noise and toxic fumes against Defendant in its capacity as Plaintiff's employer.[12] Thus, to the extent Plaintiff brings a tort claim against Defendant in its capacity as Plaintiff's employer, Defendant requests dismissal pursuant to Rule 12(b)(6) of such a claim.[13] Defendant also requests that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e) regarding his Section 905(b) vessel negligence claim against Defendant.[14]

First, Defendant argues that Plaintiff alleges in the complaint that he was engaged in maritime employment and that he was injured while working on vessels in navigation, thus satisfying both the "status" and "situs" requirements for coverage under the LHWCA.[15] Therefore, Defendant asserts that Plaintiff's claims against his employer are subject to the LHWCA.[16] According to Defendant, the LHWCA immunizes employers from tort liability to employees for employment-related injuries and diseases, including injuries caused by exposure to loud noise and toxic fumes.[17] Defendant asserts that under Section 904 of the LHWCA, an employer is liable for compensation to its employees for job-related injuries, regardless of fault, and that Section 905 of the LHWCA provides that this liability is exclusive, apart for a narrow intentional tort exception, and "in place of all other liability of the employer."[18] Because, Defendant argues, Plaintiff has not

---

[12] Rec. Doc. 21 at 1.

[13] *Id.* at 2.

[14] *Id.*

[15] Rec. Doc. 21-1 at 4–5.

[16] *Id.* at 5.

[17] *Id.* at 6 (citing 33 U.S.C.A. §908 (13)).

[18] *Id.* (citing 33 U.S.C.A. §§ 904, 905(a)).

3

alleged any intentional acts on the part of Defendant, Section 905(a) of the LHWCA precludes Plaintiff's tort claim against Defendant in its capacity as Plaintiff's former employer.[19] Thus, Defendant contends that to the extent Plaintiff brings a claim against Defendant in its capacity as Plaintiff's former employer for injuries arising out of employment-related exposure to noise and toxic fumes, such a claim should be dismissed pursuant to Rule 12(b)(6) in light of the LHWCA's exclusive remedy provision.[20]

Second, Defendant argues that Plaintiff's allegations as to his Section 905(b) vessel negligence claim are vague and ambiguous.[21] Defendant notes that the complaint consists of only six paragraphs and lacks allegations "regarding the who, what, when, where, why and how."[22] Defendant asserts that it owns shipyards in three states and that the complaint does not allege which state or shipyard was the location of the alleged exposure to noise or toxic fumes.[23] Moreover, Defendant notes that Plaintiff alleges that he was exposed to "either" loud noise and/or toxic fumes, which makes it difficult to determine whether Plaintiff is seeking damages for one of these alleged exposures or for both.[24] Defendant further argues that it is unable to identify what type of injury Plaintiff has experienced, as the complaint only alleges that he sustained "permanent and disabling injuries to his mind and body."[25] As to the timing of the alleged injuries, Defendant argues that

---

[19] *Id.* at 6–7.

[20] *Id.* at 7.

[21] *Id.* at 7–8.

[22] *Id.* at 8.

[23] *Id.*

[24] *Id.* at 8–9.

[25] *Id.* at 9.

there are no allegations in the complaint as to when the alleged exposure occurred or the dates of Plaintiff's employment with Defendant.[26] Without any allegations as to the time period, Defendant argues that it is unable to plead whatever statute of limitations may be applicable as a defense to Plaintiff's claims.[27] Finally, Defendant argues that while Plaintiff's complaint asserts a claim based on vessel negligence under Section 905(b), it does not contain allegations as to any actions taken by Defendant that constituted vessel negligence.[28] For example, Defendant avers, the complaint does not allege Plaintiff's job titles or duties; the circumstances under which the alleged exposure to noise or toxic fumes occurred; a duty that was breached by Defendant in its alleged capacity as vessel owner or operator; or the manner in which such duty was allegedly breached.[29]

Defendant argues that it is entitled to a "non-conclusory statement of the alleged negligent conduct in question," because Plaintiff has failed to put it on notice of: the dates of the alleged employment and exposure; the state and/or location of the alleged employment and exposure; any acts of alleged vessel negligence; and the type of injuries sustained.[30] Thus, Defendant requests a more definite statement of Plaintiff's claim pursuant to Rule 12(e).[31]

### B. *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff agrees that "if the LHWCA applies, workers' compensation is an

---

[26] *Id.*

[27] *Id.* at 9–10.

[28] *Id.* at 10.

[29] *Id.* (citing *Philip v. Hornbeck Offshore, Serv., LLC*, 137 F.Supp.3d 936 (E.D. La. 2015)).

[30] *Id.* at 11.

[31] *Id.*

5

employee's exclusive remedy against the employer in its capacity as an employer."[32] However, Plaintiff argues that there are "multiple exceptions" that may allow an employee to fall outside the protection of the LHWCA and that employer immunity under the LHWCA does not extend to the employer in its capacity as the owner or operator of a vessel.[33]

According to Plaintiff, the term "employee" in the LHWCA applies to longshoremen, harbor workers, and shipbuilders, but specifically excludes certain employees who exclusively perform office, security, or data processing work if they are covered by state workers' compensation law.[34] Here, Plaintiff argues that he has only alleged that he was employed by Defendant and does not state his job title or duties at the time he was injured.[35] Thus, Plaintiff contends that there is "facial plausibility" that he was excluded from coverage under the LHWCA at the time he was injured based on the allegations contained in the complaint.[36] Because, Plaintiff argues, "[t]his issue can be addressed, identified, and clarified" through the Rule 12(e) motion or through discovery, dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) is unwarranted.[37] Plaintiff also argues that the LHWCA's exclusive remedy provision does not cover intentional torts and that if Defendant intentionally exposed Plaintiff to loud noise and/or toxic fumes, then the LHWCA would not prevent Plaintiff from bringing a claim for such intentional conduct against

---

[32] Rec. Doc. 27 at 3 (citing 28 U.S.C. § 905(a); *Moore v. Phillips Petro. Co.*, 912 F.2d 789, 791 (5th Cir. 1990)).

[33] *Id.*

[34] *Id.* at 4.

[35] *Id.*

[36] *Id.*

[37] *Id.*

6

Defendant.[38] Plaintiff further notes that the LHWCA does not prevent an employee from suing his employer as the owner or operator of a vessel and that Plaintiff therefore has a claim against Defendant as the owner or operator of the vessels on which Plaintiff was exposed to loud noise and/or toxic fumes.[39]

In response to the motion for a more definite statement pursuant to Rule 12(e), Plaintiff asserts that he has provided sufficient detail to allow Defendant to reasonably prepare a response.[40] If the Court grants the motion for a more definite statement, however, Plaintiff requests at least 14 days to amend the complaint to provide a more definite statement.[41]

### C. *Defendant's Reply in Further Support of the Motion*

In reply, Defendant argues that none of the exceptions that may place an employee outside the protection of the LHWCA apply in this case.[42] First, Defendant argues that Plaintiff specifically alleges that he was injured while working aboard Defendant's vessels and that it is therefore not plausible that the exception pertaining to clerical, security, or data processing work applies to him.[43] Defendant avers that "Plaintiff should know what his own job was" and that even if Plaintiff did perform some clerical work, courts have held that such clerical duties are not determinative of coverage if the worker spends at least some time engaged in maritime activities.[44]

---

[38] *Id.* at 5–6.

[39] *Id.* at 6.

[40] *Id.*

[41] *Id.* at 6–7.

[42] Rec. Doc. 30 at 1–2.

[43] *Id.* at 2.

[44] *Id.* (citing *Maher Terminals, Inc. v. Director, Office of Workers' Comp. Programs*, 330 F.2d 162 (3d Cir.

7

Defendant further argues that Plaintiff engaged in maritime activities and that if he had not been injured while aboard a vessel, there would be no basis for his Section 905(b) vessel negligence claim.[45] Second, regarding the intentional torts exception, Defendant argues that the intentional tort exception does not apply in this case, as Plaintiff has not alleged any intentional tortious actions in the complaint.[46] Third, regarding Plaintiff's argument as to Section 905(b), Defendant asserts that its Rule 12(b)(6) motion only pertains to Plaintiff's tort claim against Defendant in its capacity as an employer—not in its capacity as the alleged owner/operator of the vessels at issue.[47] Because, Defendant argues, it only requests a partial dismissal of Plaintiff's tort claim against Defendant in its capacity as an employer, Section 905(b) is irrelevant to the Rule 12(b)(6) analysis.[48]

Regarding Defendant's motion for a more definite statement pursuant to Rule 12(e), Defendant argues that in his opposition, Plaintiff did not address any of the basic questions raised by Defendant as to the location, timing, and character of Defendant's alleged actions and Plaintiff's alleged injuries.[49] Thus, Defendant requests that the Court grant its motion for a more definite statement as to Plaintiff's Section 905(b) vessel negligence claim.[50]

---

2003).

[45] *Id.*

[46] *Id.* at 3.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at 4.

8

## III. Law and Analysis

*A.     Legal Standard for Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[51] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[52] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[53] "Factual allegations must be enough to raise a right to relief above the speculative level."[54] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[55]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[56] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[57] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[58] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[51] Fed. R. Civ. P. 12(b)(6).

[52] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[54] *Twombly*, 550 U.S. at 556.

[55] *Id.* at 570.

[56] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[57] *Iqbal*, 556 U.S. at 677–78.

[58] *Id.* at 679.

9

statements" will not suffice.[59] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[60] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[61] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[62] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[63]

## B. *Legal Standard for Rule 12(e) Motion for a More Definite Statement*

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[64] The motion must state the defects in the pleading and the details desired.[65] A party may not use a Rule 12(e) motion as a substitute for discovery.[66] However, the Supreme Court has held that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule

---

[59] *Id.* at 678.

[60] *Id.*

[61] *Id.*

[62] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[63] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[64] Fed. R. Civ. P. 12(e). *See Cole v. JEBF Holdings, LLC*, No. 14-0298, 2014 WL 6327088, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.).

[65] *See* Fed. R. Civ. P. 12(e).

[66] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

12(e) motion may be appropriate.[67] In deciding whether to grant a Rule 12(e) motion for a more definite statement, the trial judge is given considerable discretion.[68]

*C.     Analysis*

As the Fifth Circuit has instructed, "When the LHWCA applies, workers' compensation is an employee's exclusive remedy against the employer in its capacity as an employer."[69] Section 905(a) of the LHWCA thus acts as a shield against tort liability for actions taken by an employer in its capacity as an employer.[70] However, in the case of a defendant who is both an employer of a covered worker and a vessel owner or operator, the Section 905(a) bar "operates to immunize the defendant/employer against acts of negligence committed in his capacity as employer, but the immunity does not extend to acts of negligence committed by the employer in his capacity as vessel owner."[71] Under Section 905(b) of the LHWCA, "an injured maritime worker may bring an action . . . against an owner for its vessel's negligence."[72]

Here, Defendant seeks: (1) dismissal pursuant to Rule 12(b)(6) of Plaintiff's tort claim against Defendant in its capacity as Plaintiff's employer; and (2) a more definite statement

---

[67] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

[68] *See Mitchell*, 269 F.2d at 129. *See also Cole*, 2014 WL 6327088, at *2 (internal citation omitted) ("A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.").

[69] *See Moore v. Phillips Petro. Co.*, 912 F.2d 789, 791 (5th Cir. 1990). *See also* 33 U.S.C. § 905(a).

[70] *See id. See also West v. Kerr-McGee Corp.*, 765 F.2d 526, 532 (5th Cir. 1985) (finding that Section 905(a) would bar the plaintiff's tort claims against the defendant in its capacity as his employer); § 7-4.The exclusivity of the Longshore Act, 1 Admiralty & Mar. Law § 7-4 (5th ed.) (noting that Section 905(a) is broadly construed as a shield against tort liability and that his bar properly extends to suits in tort under state law, as well as under the general maritime law) (internal citation omitted).

[71] § 7-4.The exclusivity of the Longshore Act, 1 Admiralty & Mar. Law § 7-4 (5th ed.) (internal citations omitted). *See also Kerr-McGee Corp.*, 912 F.2d at 791; *McLaurin v. Noble Drilling (US), Inc.*, 529 F.3d 285, 289 (5th Cir. 2008).

[72] *McLaurin*, 528 F.3d at 289.

pursuant to Rule 12(e) of Plaintiff's claim for vessel negligence under Section 905(b) of the LHWCA. The Court will address each of the parties' arguments in turn.

1.      **Rule 12(b)(6) Partial Motion to Dismiss**

As noted *supra*, Defendant argues that to the extent that Plaintiff brings a tort claim for exposure to loud noise and/or toxic fumes against Defendant in its capacity as Plaintiff's employer, such a claim should be dismissed pursuant to Rule 12(b)(6) in light of the LHWCA's exclusive remedy provision.[73] Plaintiff argues that his claim against Defendant in its capacity as his employer should not be dismissed pursuant to Rule 12(b)(6), because: (1) it is "facially plausible" from the complaint that Plaintiff is not an "employee" within the meaning of the LHWCA; and (2) intentional torts of employers are not covered by the LHWCA.[74]

As noted *supra*, if an employee is covered by the LHWCA, then LHWCA is an employee's exclusive remedy against the employer in its capacity as an employer.[75] The term "employee" as defined in the LHWCA means "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker . . . ."[76] However, the term "employee" does not include "individuals employed exclusively to perform office clerical, secretarial, security, or data processing work."[77] Here, Plaintiff argues that it is facially plausible that he is not an "employee" under the LHWCA, because the complaint only

---

[73] Rec. Doc. 21-1 at 11.

[74] Rec. Doc. 27 at 4–6.

[75] 33 U.S.C. § 905(a). *See also Moore v. Phillips Petro. Co.*, 912 F.2d 789, 791 (5th Cir. 1990) ("When the LHWCA applies, workers' compensation is an employee's exclusive remedy against the employer in its capacity as an employer.").

[76] 33 U.S.C. § 902(3).

[77] *Id.*

12

alleges that he was injured while working aboard Defendant's vessels and does not allege his job title or the type of work in which he was engaged at the time of the alleged exposure.[78]

The Court notes that Plaintiff's complaint does not contain any allegations that he performed "office clerical, secretarial, security, or data processing work" for Defendant, but rather simply states that he was injured "while working aboard defendant's vessels."[79] Construing the complaint liberally, Plaintiff's allegation that he was working aboard Defendant's vessels suggests that he was engaged in maritime employment and would thus be considered an employee under the LHWCA, not an office clerical, secretarial, security, or data processing worker exempt from coverage under the LHWCA.

As to Plaintiff's argument regarding intentional torts of employers, the Fifth Circuit has recognized that "[a] number of courts have held in the LHWCA context . . . that an employee can sue his employer if the employer committed an intentional tort."[80] However, the Fifth Circuit "has not yet expressly recognized the intentional tort 'exception' to coverage under the LHWCA."[81] Moreover, the Fifth Circuit has noted that the cases that have recognized an intentional tort exception "take a very narrow view of the types of intentional injury that lie outside of the LHWCA—the cases consistently require that the employer have had a specific intent or desire that the injury occur."[82] Here, Plaintiff argues that if Defendant intentionally exposed him to loud noise

---

[78] Rec. Doc. 27 at 4.

[79] *See* 33 U.S.C. § 902(3); Rec. Doc. 1 at 2.

[80] *Fisher v. Halliburton*, 667 F.3d 602, 617 (5th Cir. 2012).

[81] *Id. See also Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 44 (5th Cir. 1989) (assuming that LHWCA would not preclude a lawsuit by an employee for the intentional tort of an employer but ultimately finding that the plaintiff had not alleged an intentionally tortious actions and that it was unnecessary to determine LHWCA's scope).

[82] *Fisher*, 667 F.3d at 617 (internal citation omitted).

13

and/or toxic fumes, then such conduct would not prevent him from asserting a claim against Defendant as his employer for that conduct.[83] However, Plaintiff's complaint does not contain any allegations of intentionally tortious conduct on the part of Defendant, much less any allegations of specific intent. Thus, assuming without deciding, that intentionally tortious conduct on the part of Defendant would not prevent Plaintiff from bringing suit against Defendant for such conduct in its capacity as Plaintiff's employer, Plaintiff has nevertheless failed to allege sufficient facts to establish a claim against Defendant for intentionally tortious conduct.

Thus, based on the foregoing, the Court finds that Plaintiff has failed to sufficiently allege a tort claim against Defendant in its capacity as Plaintiff's employer in light of the LHWCA's exclusive remedy provision. However, dismissal is a harsh remedy, and the Court is cognizant of the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[84] Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[85] Therefore, the Court denies Defendant's motion to dismiss Plaintiff's tort claim against Defendant in its capacity as Plaintiff's employer pursuant to Rule 12(b)(6) and will instead allow Plaintiff leave to amend the complaint to cure the deficiencies identified by the Court, if possible.

### 2. Rule 12(e) Motion for a More Definite Statement

As noted *supra*, Defendant argues that Plaintiff's allegations regarding his claim against

---

[83] Rec. Doc. 27 at 6.

[84] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[85] See *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

14

Defendant in its capacity as the vessel owner for vessel negligence under Section 905(b) of the LHWCA are too vague to allow Defendant to prepare a response.[86] Thus, Defendant requests that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e).[87] Plaintiff argues that he has pleaded sufficient facts to put Defendant on notice.[88] In the alternative, if the Court grants the Rule 12(e) motion, Plaintiff requests at least 14 days to amend his complaint.[89]

Under Section 905(b) of the LHWCA, "a vessel owner owes a duty to exercise reasonable care to make the vessel safe if he actively participates in the operations or maintains control over the area, or if such duty is imposed upon him by contract or law."[90] The Fifth Circuit has instructed that the duty of the vessel owner includes "the duty to protect against hazards under control of the ship."[91] Here, Plaintiff alleges that he sustained injuries due to exposure to "either loud noise and/or toxic fumes" while aboard vessels that were "owned and/or operated by" Defendant and that Plaintiff's alleged injuries were the result of the vessel negligence of Defendant.[92] However, Plaintiff does not identify what negligent actions, if any, Defendant committed or the manner in which such actions constituted a breach of "the duty to exercise reasonable care to make the vessel safe."[93] Moreover, although Plaintiff alleges that he became aware of his alleged injuries on

---

[86] Rec. Doc. 21-1 at 11.

[87] *Id.*

[88] Rec. Doc. 27 at 7.

[89] *Id.*

[90] *McLaurin v. Noble Drilling (US), Inc.*, 529 F.3d 285, 290 (5th Cir. 2008) (internal citation omitted).

[91] *Id.* (internal citation omitted).

[92] Rec. Doc. 1 at 1–2.

[93] *McLaurin*, 529 F.3d at 290.

October 29, 2015, he does not provide any information identifying the time period during which he was employed by Defendant or during which the alleged exposure occurred.[94]

As noted *supra*, Rule 12(e) entitles a party to a more definite statement when a portion of a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[95] Here, the Court finds that Plaintiff's allegations regarding his Section 905(b) claim for vessel negligence are too vague such that Defendant cannot reasonably be required to frame a responsive pleading. Accordingly, the Court will grant Defendant's request for a more definite statement pursuant to Rule 12(e) and allow Plaintiff to amend his complaint to include a more definite statement of his claim against Defendant under Section 905(b) for vessel negligence.

### IV. Conclusion

The Court finds that Plaintiff has failed to sufficiently allege a tort claim against Defendant in its capacity as Plaintiff's employer in light of the LHWCA's exclusive remedy provision. However, mindful that dismissal is a harsh remedy and rarely granted, the Court denies Defendant's motion to dismiss Plaintiff's claim against Defendant in its capacity as Plaintiff's employer pursuant to Rule 12(b)(6) and will allow Plaintiff leave to amend the complaint to cure the deficiencies identified by the Court if possible. The Court further finds that Plaintiff's allegations regarding his Section 905(b) claim for vessel negligence are too vague such that Defendant cannot reasonably be required to frame a responsive pleading. Accordingly, the Court

---

[94] Rec. Doc. 1 at 2.

[95] Fed. R. Civ. P. 12(e). *See Cole v. JEBF Holdings, LLC*, No. 14-0298, 2014 WL 6327088, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.).

will grant Defendant's request for a more definite statement pursuant to Rule 12(e) and allow Plaintiff to amend his complaint to include a more definite statement of his claim against Defendant under Section 905(b) of the LHWCA.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Rule 12(b)(6) Partial Motion to Dismiss and Rule 12(e) Motion for More Definite Statement"[96] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **DENIED IN PART** to the extent it requests dismissal pursuant to Rule 12(b)(6) of Plaintiff's tort claim against Defendant in its capacity as Plaintiff's employer. However, Plaintiff is granted 14 days to amend his Complaint to cure the deficiencies identified by the Court regarding Plaintiff's tort claim against Defendant in its capacity as Plaintiff's employer.

**IT IS FURTHER ORDERED** that the motion is **GRANTED IN PART** to the extent that Defendant requests a more definite statement pursuant to Rule 12(e) of Plaintiff's claim for vessel negligence under Section 905(b) of the LHWCA. Plaintiff is granted 14 days to provide a more definite statement of Plaintiff's claim against Defendant under Section 905(b) of the LHWCA.

**NEW ORLEANS, LOUISIANA,** this 14th day of July, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[96] Rec. Doc. 21.